## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WEDDING & EVENT VIDEOGRAPHERS**
**ASSOCIATION INTERNATIONAL, INC.,**
a Florida non-profit corporation,

      **Plaintiff,**

vs.                                          Case No.: 8:04-CV-2506-T-23MSS

**VIDEOCCASION, INC.,** a Pennsylvania
for-profit corporation, **TIMOTHY RYAN,**
individually and d/b/a **TREASURED**
**MEMORIES VIDEO** and d/b/a **THE 4EVER GROUP**
and **STEVEN WERNICK,** individually and
d/b/a **THE 4EVER GROUP**

      **Defendants.**
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION**
**TO QUASH AND FOR SANCTIONS, AND MOTION TO STAY PENDING**
**MOTION TO COMPEL NON-PARTY PRODUCTION, AND**
<u>**MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

      Plaintiff Wedding & Event Videographers Association International, Inc. (hereinafter referred to as "WEVA" or "Plaintiff"), by and through its undersigned attorneys and pursuant to Local Rule 3.01(b) of this Court, hereby files its Memorandum In Opposition To Defendants' Motion To Quash Subpoena Duces Tecum, Motion For Sanctions and Incorporated Memorandum Of Law, and files its Motion To Stay Plaintiff's Pending Motion To Compel Non-Party Production and Memorandum Of Law In Support Thereof. In support of this Memorandum and Motion, Plaintiff relies on the following Memorandum Of Law:

**MEMORANDUM OF LAW**

A.      **STATEMENT OF FACTS.**

WEVA has brought the instant action seeking preliminary and permanent injunctive relief against Defendants. Specifically, WEVA seeks a preliminary and permanent injunction enjoining the Defendants from (1) contacting and soliciting its existing members; (2) using WEVA targeted/focused marketing data; (3) using WEVA financial data; and (4) contacting WEVA customers, clients, members, speakers, event instructors, vendors and sponsors and event attendees known to them only through their improper use of WEVA's confidential data. WEVA's confidential data that has been misappropriated by Defendants presently is contained on a database maintained by non-party VerticalResponse, a self-service direct marketing company.

VerticalResponse represents itself as a self-service direct marketing company providing products and services aimed at assisting clients with more effective email and direct marketing campaigns. VerticalResponse's clients create individual accounts on VerticalResponse's website, which they access and manage by password and a login name. After setting up an account, clients interested in an email marketing campaign download their email listings, which contain the email addresses of those persons whom the client wants to receive emails and/or other marketing pieces, onto a database maintained by VerticalResponse. Depending on the services requested, VerticalResponse then provides the service of forwarding emails and/or other marketing pieces from the email listing in the database. VerticalResponse maintains a similar database into which clients may download "bricks and mortar" mailing addresses to which marketing pieces may be forwarded via

postcard mailings. Clients also have the ability to create new listings and/or to add to the existing listings in the databases maintained by VerticalResponse.

Plaintiff WEVA, as a VerticalResponse customer, used VerticalResponse's services to facilitate email and postcard mailings to WEVA members as well as attendees at WEVA sponsored seminars and other events. The names, addresses, and email addresses of WEVA's members and events attendees were downloaded to VerticalResponse's database through WEVA's VerticalResponse account. During the period Defendant Timothy Ryan (hereinafter "Defendant Ryan") and Defendant Steven Wernick (hereinafter "Defendant Wernick") were associated with Plaintiff, Defendants Ryan and Wernick helped to maintain WEVA's VerticalResponse account. After Defendants' association with WEVA was terminated, Defendants established The 4EVER Group and established their own account with VerticalResponse to use VerticalResponse's services in developing, creating and forwarding The 4EVER Group's marketing pieces. WEVA has a well-founded and good faith belief that the lists to which The 4EVER Group's marketing pieces are forwarded (that is, the email and/or mailing lists that Defendants downloaded to VerticalResponse's database through their VerticalResponse account) include the mailing and email addresses of WEVA's members and WEVA events attendees. WEVA has a well-founded and good faith belief that Defendants obtained these email and mailing addresses by access to WEVA's confidential materials during their association with WEVA and have used these addresses despite their knowledge that the address lists are WEVA's valuable proprietary and confidential information.

**B.     The Subpoena.**

On April 21, 2005, Plaintiff issued a Subpoena Duces Tecum for documents only to VerticalResponse. The subpoena instructed VerticalResponse:

In response to this Subpoena, please produce the records listed below for the following:

>    THE 4EVER GROUP
>    9 Beechwood Court
>    Long Island, NY 11758

1. Any and all reports from October 2004 to the present within the Vertical Response Control Center for The 4EVER Group account including, but not limited to, reports for e-mail campaigns, all launch reports, all records of campaign launches, list import records, all records showing deletion history for campaigns, e-mail list management reports, and any and all other reports.

2. Complete history of reports and the Vertical Response postcard management reports for all of The 4EVER Group postcard campaigns, and lists of any and all addresses used for postcard mailings.

3. Complete history and all reports of any and all lists maintained for The 4Ever Group.

4. Complete files for all lists of e-mail addresses maintained for The 4Ever Group showing all e-mail addresses and date imported into Vertical Response.

5. Copies of all lists in the list selects maintained in The 4EVER Group account.

6. Copies of e-mail content use in all of The 4EVER Group campaigns.

7. Complete account history for The 4EVER Group.

8. Complete e-mail list records and reports.

9. Complete e-mail management reports, lists and records.

Attached hereto as Exhibit 1 is a copy of the subpoena. The subpoena was served on April 25, 2005. Attached hereto as Exhibit 2 is a copy of the Return of Service.

However, on April 26, 2005, counsel for VerticalResponse forwarded a letter to counsel for Plaintiff objecting to the form of the subpoena as well as the production of the requested documents.[1] Attached hereto as Exhibit 6 is a copy of counsel for VerticalResponse's letter. Specifically, counsel for VerticalResponse objected as follows:

1. In addition to the above objections, VerticalResponse objects to Category No. 1 on the grounds that a response to the request would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

2. In addition to the above objections, VerticalResponse objects to Category No. 2 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for the "complete history of reports" and "postcard management reports." VerticalResponse also objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it."

3. In addition to the above objections, VerticalResponse objects to Category No. 3 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for the "complete history of reports" and "postcard management reports." VerticalResponse also objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

---

[1] Prior to serving the April 21, 2005 Subpoena Duces Tecum, Plaintiff, on April 11, 2005, served VerticalResponse with a subpoena from the United States District Court for the Northern District of California. Attached as Exhibit 3 is a copy of said subpoena. On April 12, counsel for Defendants, forwarded a letter to the Records Custodian for VerticalResponse indicating that the subpoena issued to VerticalResponse was invalid and unenforceable, as counsel for Plaintiff was not admitted in the state of California. In addition, counsel for Defendants objected to the substance of the subpoena stating the records requested from VerticalResponse were Defendants' trade secrets. Attached hereto as Exhibit 4 is a copy of counsel for Defendants' April 12, 2005 letter. Subsequently, on April 20, 2005, counsel for VerticalResponse forwarded a letter to counsel for Plaintiff mirroring the objections of counsel for Defendants and, in addition, objecting to each of the individual requested documents. Attached as Exhibit 5 is a copy of this April 20, 2005 letter.

4. In addition to the above objections, VerticalResponse objects to Category No. 4 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for the "complete files for all lists…showing all e-mail addresses and data imported into VerticalResponse.

5. In addition to the above objections, VerticalResponse objects to Category No. 5 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for "all lists in the list selects maintained." VerticalResponse also objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

6. In addition to the above objections, VerticalResponse objects to Category No. 6 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for "e-mail content use in " specified campaigns. VerticalResponse also objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

7. In addition to the above objections, VerticalResponse objects to Category No. 7 on the grounds that the request is vague and ambiguous, and unintelligible, as to the request for "complete account history for The 4Ever Group." VerticalResponse also objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

8. In addition to the above objections, VerticalResponse objects to Category No. 8 on the grounds that the request is vague and ambiguous, and overly broad, as to the request for "complete e-mail records and reports." VerticalResponse further objects that the request, as such, potentially calls for confidential, proprietary and trade secret information that is neither relevant to this lawsuit nor reasonably calculated to the discovery of admissible evidence. Finally, VerticalResponse objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

> 9. In addition to the above objections, VerticalResponse objects to Category No. 9 on the grounds that the request is vague and ambiguous, and overly broad, as to the request for "complete e-mail management reports, lists and records." VerticalResponse further objects to the request, as such, calls for confidential, proprietary and trade secret information that is neither relevant to this lawsuit nor reasonably calculated to the discovery of admissible evidence. Finally, VerticalResponse objects that a response to the request, even if understood, would be unduly burdensome and oppressive, based on the potentially considerable time that would be required to comply with it.

See Exhibit 6.

**1. Defendants' Motion To Quash Should Be Denied[2], And Plaintiff's Motion To Stay Should Be Granted Pending Plaintiff's Efforts To Enforce Subpoenas**

As set forth herein, two subpoenas have been served on third party VerticalResponse in California, one from the Northern District of California and, after objection from Defendants, another subpoena from the Middle District of Florida. Counsel for VerticalResponse has no objections to the validity or service of the subpoena issued from the Northern District of California. While Defendants' counsel previously objected to the subpoena served from the Northern District of California and asserted that Plaintiff's counsel could not issue a subpoena from the Northern District of California because counsel is not a member of the California Bar, Defendants' counsel now asserts a contrary position in Defendants' Motion To Quash. Ironically, Defendants move to quash the subpoena served in the Middle District of Florida and for sanctions after this subpoena was issued following Defendants' erroneous objections to the first subpoena properly issued from the Northern

---

[2] Defendants' counsel Bradley Guldalian advised the undersigned counsel today that Defendants agree to a stay of their Motion To Quash and Motion For Sanctions.

District of California.

The parties and VerticalResponse disagree as to validity of the subpoena issued from the Middle District of Florida to VerticalResponse in California for production of documents within this District. Plaintiff contends that Rule 45 authorizes the production of the documents in the Middle District of Florida, and that case law on which it has relied supports that contention. Specifically, in the fairly recent case of *Stewart v. Mitchell Transport*, 2002 WL 1558210 (D.Kan. 2002), the court interpreted Rule 45 as authorizing the issuance of subpoenas from the district where the production of documents would take place. This directly supports the issuance of the subpoena in this case from the Middle District of Florida.

In *Stewart*, a district court in Kansas refused to quash subpoenas issued from its district to third parties located in Kentucky, Tennessee, Texas and Wisconsin since the production of documents was to take place in that district. 2002 WL 1558210 at *3. The defendants claimed that the subpoenas should be quashed because they were served outside of the 100-mile geographical limitation of Rule 45 and required those subpoenaed to travel more than the 100 miles. See *Id*. at *2. The *Stewart* court rejected the defendants' contention and held that the subpoenas did not violate Federal Rule of Civil Procedure 45 as they were properly issued from the district where the production was to take place. See i*d*. at *3. The court reasoned that the subpoenas did not require the attendance of any witnesses - i.e., did not require those subpoenaed to travel to the district, but merely required that the documents be produced at the plaintiffs' counsel's law firm in the district of the issuing court. See *Id*.

Defendants' counsel relies heavily on *Anderson v. Gov't of the Virgin Islands*, 180 F.R.D. 284 (D.VI, 1998) for the proposition that a district court cannot issue a subpoena to non-parties in another district. The *Anderson* court cites *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir 1993) in support of this position. Yet, the Third Circuit in *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d at 413, n.4 (3rd Cir. 2004), considered the exact statement from *Natural Gas* to which *Anderson* cites as dictum when finding that pursuant to Rule 45, "the district in which the production…is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over.

Defendants and VerticalResponse further claim that the subpoena issued from this District is invalid because Plaintiff was required to tender a witness fee with the subpoena duces tecum.[3] Defendants cite *CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494 (9th Cir. 1983) which states that Rule 45(c) requires the simultaneous tendering of reasonable mileage and witness fees. However, Defendants failed to take note of the commentary to the rule, which explains that witness fees were necessary when a person served with a subpoena was required to *attend* somewhere. See Fed. R. Civ. P. 45, C45-19 (emphasis added). In the instant motion, VerticalResponse is not required to attend anywhere, but rather must send the requested documents. Therefore, witness fees and

---

[3] It should be noted that a $40.00 witness fee was provided to VerticalResponse with the first subpoena issued from the Northern District of California, and, therefore, a second witness fee was not initially provided with the second subpoena issued from Middle District of Florida soon thereafter. After objection from VerticalResponse and Defendants, however, a second $40.00 witness fee was provided to Vertical Response to address their objections.

mileage are inapplicable, and the lack of a witness fee submitted simultaneously with the subpoena in no way invalidates the subpoena.

Counsel for VerticalResponse does not contest the Plaintiff's right to issue the subpoena from the Northern District of California. Defendants *now* assert in their Motion To Quash filed on May 23, 2005, that Plaintiff's *do* have the right to serve this subpoena in the Northern District of California, and contrary to its prior position, assert that this is the proper District from which the subpoena should be issued.

Prior to the filing by Defendants on May 23, 2005, of the Motion To Quash and Motion For Sanctions, the undersigned provided to Defendants the opportunity to enter into a Stipulated Protective Order endorsed by the Northern District of California to protect the confidentiality and proprietary nature of documents produced. A copy of that correspondence is attached hereto as Exhibit 7, along with a copy of the Stipulated Protective Order provided to the foregoing. It should be noted that the district court within the Silicon Valley, an area in which a myriad of hi-tech companies with trade secrets are headquartered, has endorsed this Order according to counsel for VerticalResponse.

Defendants' counsel did not respond to that correspondence prior to the filing of their Motion To Quash and Motion For Sanctions. While Plaintiff's counsel attempted to address and resolve the issue of the subpoenas with Defendants and with counsel for VerticalResponse, Defendants' counsel made no attempt to respond to this offer, but rather filed the Motion To Quash and Motion for Sanctions. Defendants' counsel, subsequent to Defendants' filing of this Memorandum and Motion, sent the undersigned counsel a letter refusing to enter into a stay. That letter is attached as Exhibit 8 hereto. The undersigned

counsel received that letter on May 24, 2005.

Further, after receiving the Motion To Quash, the undersigned counsel contacted Defendants' counsel to discuss the filing of this Motion in light of the undersigned counsel's correspondence, confirmed received by Defendants' office, and to ascertain Defendants' position regarding the offer to enter into a Stipulated Protective Order. Defendants' counsel was unavailable to discuss the matter, but counsel's legal assistant advised that Defendants would not agree to a Stipulated Protective Order. The undersigned counsel also contacted Defendants' counsel's office on May 25, 2005, to discuss the issue of the Protective Order. Counsel's legal assistant advised that Mr. Guldalian was in a meeting. During a return telephone call from Brad Guldalian, Mr. Guldalian advised that Defendants agree to enter into a Protective Order, with final language to be resolved. Counsel for VerticalResponse has agreed to produce the documents sought in the subpoena issued from the Northern District of California upon entry of a Stipulated Protective Order by the parties and to the filing of this Motion To Stay the pending Motion To Compel.

**2.     Sanctions Should Not Be Imposed Against Plaintiffs**

No sanctions should be awarded against Plaintiff. As detailed herein, both subpoenas issued and served are valid and comply with Rule 45. Case law cited herein supports the validity of both subpoenas.

Moreover, Plaintiff first attempted to address Defendants' first objections based on Defendants' erroneous interpretation of Rule 45 regarding service of the subpoena in the Northern District of California. In addition, the undersigned counsel has attempted to resolve issues pertaining to the subpoenas with counsel for Defendants and with counsel for

VerticalResponse.

While counsel for VerticalResponse has agreed to produce documents sought in the subpoena issued from the Northern District of California upon entry of a proposed Stipulated Protective Order by the parties, counsel for Defendants failed to respond to Plaintiff's letter or to discuss this matter prior to filing its Motion To Quash and Motion For Sanctions. Defendants today, for the first time, have indicated through counsel that they will enter into a Stipulated Protective Order, with final language to be resolved by the parties.

In sum, Defendants vigorously seek to block compliance with both subpoenas based on Plaintiff's belief that documents will reveal Defendants' use of Plaintiff's trade secrets to contact and solicit individuals identified therein for the purposes of marketing and promoting their competing venture, The 4EVER Group. Sanctions should not be imposed on Plaintiff based on its attempts to address Defendants' own objections, in part, and to resolve issues pertaining to the subpoenas, including pursuit of the subpoena in the Northern District of California and entry into a Stipulated Protective Order that VerticalResponse's counsel has advised has been endorsed by that Court and may be found on the Court's website. Moreover, Defendants had no need to file this Motion based on correspondence advising of a proposed course of action to stay and/or withdraw this Motion based on an offer to Defendants and VerticalResponse to address the issues pertaining to confidentiality.

Federal Rule of Civil Procedure 11 forbids the filing of a motion for an improper purpose, frivolous arguments, or lack of evidentiary support. See Fed. R. Civ. P. 11. Plaintiff's subpoena duces tecum in this Court was filed for the purpose of retrieving relevant evidentiary documents pursuant to its claims against Defendants and to address objections

raised by Defendants regarding the validity of the subpoena issued from the Northern District of California. Further, both subpoenas comply with Rule 45, as supported by relevant law cited herein. Finally, Plaintiff has a good faith belief that Defendants have attempted to obstruct production of documents that will support Plaintiff's claims. In sum, Plaintiff in no way violated Rule 11 by its actions with regard to the subpoena issued from this Court.

WHEREFORE, based on the foregoing, Plaintiff opposes Defendants' Motion To Quash and Motion For Sanctions and moves this Court to stay the pending Motion To Compel while the parties move forward toward agreement on the terms of a Stipulated Protective Order to facilitate production of documents pursuant to the subpoena.

### **CERTIFICATE OF GOOD FAITH**

Plaintiff certifies that it has made a good faith effort to resolve this discovery dispute as required by the Local Rules, as detailed herein. Specifically, the undersigned discussed the issues pertaining to the subpoenas with counsel for Defendants and offered a proposal to address Defendants' concerns regarding confidentiality. Defendants did not accept those offers.

Further, the undersigned counsel on May 23, 2005, sent, via facsimile, Defendants' counsel and counsel for VerticalResponse a letter, copies of which were confirmed received, respectively, at 1:13 p.m. EDT and 1:07 p.m. EDT, offering to stay and/or withdraw the subpoena in the Middle District of Florida and to enforce the subpoena issued in the Northern District of California and to enter into a Stipulated Protective Order endorsed by that court. The undersigned received no response from Defendants prior to the filing of their Motion To Quash.

When the undersigned contacted Defendants' counsel's office to discuss this matter after the filing of Defendants' Motion To Quash and to inquire regarding the offer to enter into a Stipulated Protective Order, Defendants' counsel's assistant advised that Defendants would not agree to the Stipulated Protective Order. A letter dated May 23, 2005, and received from Defendants on May 24, 2005, states that Defendants will not agree to this Motion. Defendants today, for the first time, have indicated through counsel that they will enter into a Stipulated Protective Order, with final language to be resolved by the parties.

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests this Court deny Defendants' Motion To Quash Subpoena and Motion For Sanctions, and moves this Court to enter an Order staying Plaintiff's pending Motion To Compel as it seeks production of documents pursuant to the original subpoena issued from the Northern District of California.

s/Gail Golman Holtzman
Michael D. Malfitano, Esq., Fla. Bar No. 188247
John W. Campbell, Esq., Fla. Bar No. 198021
Gail Golman Holtzman, Esq., Fla. Bar No. 562068
Tishia A. Green, Fla. Bar No. 0667171
CONSTANGY, BROOKS & SMITH, LLC
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
Telephone: (813) 223-7166
Facsimile: (813) 223-2515

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 25, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Kenneth G. M. Mather, Esq.
>Bradley T. Guldalian, Esq.
>HINSHAW & CULBERTSON LLP
>100 South Ashley Drive, Suite 500
>Tampa, FL  33602

      I further certify to the mailing of the foregoing document and the notice of electronic filing by facsimile and first-class mail to the following non-CM/ECF participant:

>Michael E. Sobel, Esquire
>SQUIRE, SANDERS & DEMPSEY L.L.P.
>600 Hansen Way
>Palo Alto, CA 94304-1043

>s/ Gail Golman Holtzman
>gholtzman@constangy.com
>Michael D. Malfitano, Esq., Fla. Bar No. 188247
>John W. Campbell, Esq., Fla. Bar No. 198021
>Gail Golman Holtzman, Esq., Fla. Bar No. 562068
>Tishia A. Green, Esq., Fla. Bar No. 0667171
>CONSTANGY, BROOKS & SMITH, LLC
>100 North Tampa Street, Suite 3350
>Post Office Box 1840
>Tampa, Florida 33601-1840
>Telephone: (813) 223-7166
>Facsimile:  (813) 223-2515