` UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEDDING & EVENT VIDEOGRAPHERS
ASSOCIATION INTERNATIONAL, INC.,

    Plaintiff,

v.                                                              CASE NO: 8:04-cv-2506-T-23MSS

VIDEOCCASION, INC., et al.,

    Defendants.
_____/

**ORDER**

United States Magistrate Judge Mary S. Scriven submits a report and recommendation (Doc. 46) on the plaintiff's motion for preliminary injunction (Doc. 23) and the defendants' motion (Doc. 30) to strike claims for punitive damages and to dismiss counts four, five, six, and seven.  Magistrate Judge Scriven recommends the denial of both the plaintiff's motion for preliminary injunction and the defendants' motion to strike and to dismiss.  Neither party objects to the Magistrate Judge's recommendation on the defendants' motion (Doc. 30) to strike and to dismiss, and the time for objection has expired.  Accordingly, the recommendation on the defendants' motion (Doc. 30) is **ADOPTED**.  Pursuant to the Magistrate Judge's recommendation, the motion to strike all claims for punitive damages and the motion to dismiss count five are **DENIED AS MOOT**, and the motion to dismiss counts four, six, and seven is **DENIED**.

The plaintiff objects (Doc. 49) to the Magistrate Judge's recommendation on the plaintiff's motion for preliminary injunction, and the defendants respond to the objection (Doc. 50).  The plaintiff's amended complaint (Doc. 21) asserts sevens counts, including trademark infringement, deceptive and unfair business practice, conversion, defamation, and tortious interference with a business relationship.  The plaintiff seeks (Doc. 23) a preliminary injunction enjoining the defendants from using or disclosing the plaintiff's trade secrets.[1]  Magistrate Judge Scriven conducted a hearing on the plaintiff's motion and recommends denial of the motion because the plaintiff demonstrates neither a substantial likelihood of success on the merits nor the possibility of crafting an injunction to meet the specific criteria required by Rule 65(d), Federal Rules of Civil Procedure.[2]

The plaintiff objects to the Magistrate Judge's findings (1) that the plaintiff fails to demonstrate that the plaintiff will likely establish that the trade secret was "kept secret

---

[1] The trade secrets at issue comprise customer lists and data bases maintained by the plaintiff.  The motion for preliminary injunction originally sought also to enjoin the defendants' use of the plaintiff's registered trademark.  During the hearing on the motion for preliminary injunction, the plaintiff stated that the defendants had ceased using the trademark and withdrew the motion to enjoin use of the registered trademark.

[2] The Magistrate Judge determines on page 15 of the report that "neither party can at this juncture produce a reconstructed list that culls or segregates Plaintiff's contacts from Mr. Wernick's contacts."  The solutions suggested by the plaintiff at the hearing before Magistrate Judge Scriven resemble more nearly offers of compromise rather than a factually demonstrable return to the *status quo ante*.  Although this litigation may eventually provide the requisite clarity, the plaintiff fails to meet the burden for a preliminary injunction imposed by the Federal Rules of Civil Procedure.

by adequate measures" and (2) that the plaintiff fails to demonstrate that the plaintiff will likely establish ownership of the trade secret.  The plaintiff's objections to the Magistrate Judge's recommendation neither identify nor establish an error in either the findings of fact or the application of law.  The plaintiff's objections (Doc. 49) are **OVERRULED**, and the Magistrate Judge's recommendation (Doc. 46) on the plaintiff's motion for preliminary injunction is **ADOPTED**.  Accordingly, the plaintiff's motion (Doc. 23) for a preliminary injunction is **DENIED**.  The plaintiff's request that the plaintiff be permitted to submit further evidence in support of the motion for a preliminary injunction is **DENIED**.

ORDERED in Tampa, Florida, on August 18, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy