**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WEDDING & EVENT VIDEOGRAPHERS,
ASSOCIATION INTERNATIONAL, INC.,**

    **Plaintiff,**

v.                          **Case Nos.: 8:04-cv-2506-T-23MSS; 8:05-cv-923-T-23TGW; 8:06-cv-413-T-23TGW**

**VIDEOCCASION, INC.,** *et al.***,**

    **Defendants.**
_____/

**ORDER**

On March 22, 2006, the Undersigned held a hearing to address all discovery issues outstanding in this case. At the beginning of the March 22 hearing, the Undersigned informed the parties that the above referenced case is being consolidated with Wedding & Event Videographers Association International, Inc. v. Videoccasion, *et al.*, 8:05-cv-923-T-23TGW and Wedding & Event Videographers Association International, Inc. v. Lee Ann Ryan d/b/a/ Treasured Memories Video, 8:06-cv-413-T-23TGW.[1] The cases will be consolidated into case 8:04-cv-2506-T-23MSS.

Consolidation of these cases requires Plaintiff to file a consolidated amended complaint. Plaintiff's counsel has up to and including April 27, 2006, to file the amended complaint. Defendants' counsel informed the Court that he will accept service of the amended complaint for all Defendants named in the pending cases to date. Any added

---

[1] On May 31, 2005, the District Judge issued an Order to Show Cause in both 8:04-cv-2506-T-23MSS (Dkt. 56) and 8:05-cv-923-T-23TGW (Dkt. 15) asking why these cases should not be consolidated. No responses were filed.

1

Defendants must be served personally in accordance with the Rules of Civil Procedure. Defendants' comprehensive answer will be due in the normal course in accordance with the appropriate rules.

If Plaintiff objects to Defendants' removal of case 8:06-cv-413-T-23TGW from state court to this Court, Plaintiff can file a Motion to Remand. If Plaintiff plans to file a Motion to Remand, Plaintiff's filing deadline for the comprehensive complaint will be stayed pending resolution of that motion.

Consolidation of these cases requires the parties to hold another Case Management and Scheduling conference in order to provide the Court with an updated Case Management Report ("CMR").  The CMR should take into consideration the discovery that has already been undertaken to date.  Discovery produced in any of the three filed cases will be applicable in the consolidated case.

The parties informed the Court that additional deposition discovery may be required, including depositions of witnesses and parties whose depositions have already been taken.  The CMR shall include a deposition schedule.  Finally, the parties agreed to consider consent to magistrate jurisdiction and to include their decision on this issue in their CMR.

**8:04-cv-2506: PENDING MOTIONS**

**Plaintiff's Motion to Compel Discovery Responses and for Sanctions (Dkt. 42)(8:04-cv-2506)**

The Motion to Compel Discovery Responses and for Sanctions (Dkt. 42) is **DENIED**.  Counsel for the parties have agreed to review the discovery at issue in this Motion.  If, following this review, Plaintiff still requires additional information and

documents, Plaintiff has leave to file a new Motion to Compel.  The parties shall bear their own costs and fees for the filing and defending of this Motion.

### Plaintiff's Motion to Compel Non-Party Production (Dkt. 47)(8:04-cv-2506)

During the March 22 hearing, Defendants' counsel withdrew his clients' objections to this Motion.  Thus, the Motion to Compel (Dkt. 47) is **DENIED as MOOT**.

### Defendants' Motion to Quash Subpoena Duces Tecum and for Sanctions (Dkt. 51)(8:04-cv-2506)

During the March 22 hearing, Defendants' counsel withdrew his clients' objections to providing the information requested in the subpoena duces tecum. Thus, the Motion to Quash (Dkt. 51) is **DENIED as MOOT**.  Defendants' request for sanctions is also **DENIED**.

### Plaintiff's Motion to Stay Pending Motion to Compel Non-Party Production (Dkt. 53)(8:04-cv-2506)

This Motion (Dkt. 53) is **DENIED as MOOT**.

### Plaintiff's Motion for Protective Order (Dkt. 58)(8:04-cv-2506)

During the March 22 hearing, the parties agreed to draft a joint protective order which will cover all of the documents in the consolidated case, including those produced by any third-parties.  If there are special document protection issues raised by any third-parties in this case, the Court will address those special needs separately if necessary. Thus, the Motion for Protective Order (Dkt. 58) is **DENIED as MOOT**.  The agreed upon protective order shall be presented to the Court by stipulation and will govern all discovery going forward.  If certain documents are so highly confidential that they cannot be produced under a protective order, the party making this claim may move for protection from production as necessary.

**Plaintiff's Motion to Compel Inspection of Defendants' Computers, Other Electric Equipment and Electronic Storage Devices (Dkt. 63)(8:04-cv-2506)**

Defendants' counsel withdrew Defendants' objections to Plaintiff's request to inspect, at its expense, Defendants' computers. The parties shall include a stipulated plan for electronic discovery in the CMR. Thus, the Motion to Compel (Dkt. 63) is **DENIED as MOOT**.

**Plaintiff's Motion for Entry of Default as to Defendant, Videoccasion, Inc. and Motion to Strike Defendant, Videoccasion, Inc.'s Motion for Summary Judgment (Dkt. 67)(8:04-cv-2506)**

This Motion is **GRANTED IN PART and DENIED IN PART**. The Motion as it relates to entry of default is **DENIED as MOOT** due to Defendants' counsel, Mr. Steele's entry into the case. However, Plaintiff's Motion to Strike Defendant, Videoccasion, Inc.'s Motion for Summary Judgement is **GRANTED**. In light of the case consolidation and the possible need for additional discovery in this case, Defendant, Videoccasion, Inc.'s Motion for Summary Judgment (Dkt. 66) is **DENIED** as premature.

**Plaintiff's Motion to Disqualify Thomas Steele, Counsel for Defendants (Dkt. 71)(8:04-cv-2506)**

During the March 22 hearing, Plaintiff's counsel withdrew its Motion to Disqualify (Dkt. 71). Therefore, the Motion to Disqualify (Dkt. 71) is **MOOT** and shall be **STRICKEN** from the record.

**8:05-cv-923: PENDING MOTIONS**

**Plaintiff's Motion for Sanctions (Dkt. 70)(8:05-cv-923)**

Defendants' counsel has until March 27, 2006, to file a response to this Motion as it relates to confidential mediation material being posted on the internet. Specifically, Defendants are to address Plaintiff's allegations that detailed confidential information

4

about the parties' February 3, 2006, mediation was disclosed on a website called Wake Up WEVA!. The response shall include an affidavit from Defendants concerning their personal disclosure of the mediation information to others and their posting or allowing the posting of the discussions on the Wake Up WEVA! website. The Court will issue an Order after it has reviewed Defendants' response.

**Plaintiff's Motion to Disqualify Thomas Steele, Counsel for Defendants (Dkt. 77)(8:05-cv-923)**

During the March 22 hearing, Plaintiff's counsel withdrew its Motion to Disqualify (Dkt. 77). Therefore, the Motion to Disqualify (Dkt. 77) is **MOOT** and shall be **STRICKEN** from the record.

**Defendants' First Motion for Extension of Time to File Response/Reply to the Court's Order to Show Cause of March 10, 2006 (Dkt. 79)(8:05-cv-923)**

Defendants' Motion for Extension of Time (Dkt. 79) is **GRANTED**. Defendants shall have up to and including March 27, 2006, in which to file their response to Plaintiff's Motion for Sanctions (Dkt. 70).

**8:06-cv-413: PENDING MOTIONS**

**Defendant, Ms. Lisa Ryan's Motion for Extension of Time to File Response (Dkt. 3)(8:06-cv-413)**

Defendants' Motion for Extension of Time (Dkt. 3) is **DENIED as MOOT** in light of the Court's requirement that Plaintiff file an amended consolidated complaint by April 27, 2006. Ms. Ryan need not answer the existing complaint.

**DONE and ORDERED** in Tampa, Florida on this 28th day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

5