**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WEDDING & EVENT VIDEOGRAPHERS,**
**ASSOCIATION INTERNATIONAL, INC.,**

    **Plaintiff,**

**v.**                                **Case No.: 8:04-cv-2506-T-23MSS**

**VIDEOCCASION, INC.,** *et al.***,**

    **Defendants.**
_____/

## **ORDER**

This matter comes before the Court for consideration of Plaintiff's Motion for Sanctions (Dkt. 84)[1] and Defendants' response in opposition thereto (Dkt. 82). In its Motion for Sanctions, Plaintiff asks the Court to sanction Defendants for 1) failing to participate meaningfully in the mediation held on February 3, 2006, and 2) violating the rules of confidentiality governing the conduct of mediations in Florida by posting or allowing posting of detailed and confidential mediation information on an internet website called "Wake Up WEVA!."

During a Motion Hearing held by the Undersigned, Plaintiff was informed orally that the Court would not sanction Defendants for failing to participate meaningfully because the circumstances causing the failure were beyond

---

[1] Plaintiff originally filed the Motion for Sanctions in <u>Wedding & Event Videographers Association International, Inc. v. Videoccasion, Inc.</u>, *et al.*, Case No.: 8:05-cv-923-T23TGW.  That case was consolidated with the instant case on March 28, 2006 (Dkt. 76).

Defendants' control.[2]   Defendants were ordered, however, to address Plaintiff's

allegations regarding the release of detailed and confidential mediation

information over the internet.  Defendants, Steve Wernick and Timothy Ryan

complied with this directive and filed their affidavits, as well as the affidavit of their

former attorney, Bradley Guldalian (Dkts. 83-1 through 83-3) (the "Affidavits").

Upon review of the materials submitted by the parties and for the reasons set

forth below, the Undersigned **ORDERS** that Plaintiff's Motion for Sanctions (Dkt.

84) is **DENIED**.

Plaintiff claims that it is entitled to sanctions because Defendants released

detailed and confidential mediation information on the "Wake Up WEVA!" website

in direct contravention of certain provisions of a mediation agreement signed by

the parties on January 20, 2006, as well as Local Rule 9.07(b).

In support of this contention, Plaintiff attached a series of e-mail exchanges

appearing on the "Wake Up WEVA!" website from February 5-7, 2006 (Dkt. 84-2

and 84-3).  The e-mail exchanges, which apparently are among persons not

parties to this litigation, concern information about supposed demands that

Plaintiff made of Defendants at some point in this litigation, including specific

compensation and non-compete demands.  Plaintiff states that the "'Wake Up

---

[2] On February 3, 2006, the date of the mediation, the Tampa area experienced torrential
rainstorms that required flights to be diverted from Tampa Airport to other Florida cities.  The flight of
Defendant, Mr. Ryan was among those diverted.  Defendant Wernick's flight was delayed but did
eventually land at the Tampa Airport in the afternoon on February 3, 2006.

WEVA!' website appears to be a venue for Defendants, through their contacts, to discuss litigation issues"  (Dkt. 86 at p. 2).

In response, Defendants concede that the contents of the mediation conferences in which they participated were to be kept confidential.  Further, Defendants do not deny that they have disseminated information about this case within the videography community; however, Defendants deny that the information they disclosed was "secret" or confidential.  Defendants claim that prior to conducting the three formal mediations convened in the case, the parties engaged in informal settlement discussions.  Defendants inform the Court that during the course of those discussions they did seek advice and counsel from other WEVA members and videographers about the merits of Plaintiff's claim and various settlement issues and alternatives. Defendants and their counsel also advise that other than one demand, which is not discussed in the attached e-mails, Plaintiffs' demands remained consistent throughout the litigation.  Thus, Defendants argue, any information referenced on the "Wake Up WEVA!" website was already public knowledge that had been in circulation prior to the mediations in this case.  Defendants each state categorically and under oath, "Other than in discussions with my attorney, my partner . . ., and members of my family, I have never disclosed any confidential aspects of any of the three mediations conducted in this case"  (Ryan Aff. at ¶ 5; Wernick Aff. at ¶ 5).

While the Court acknowledges the validity of Plaintiff's argument regarding the importance of confidentiality of mediations, it is not possible from the "Wake

3

Up WEVA!" information provided by Plaintiff to determine who authored the

"Wake Up WEVA!" e-mails and how and when they received the information that

was included in their postings.  While the timing of the e-mail exchanges provided

is suspect, coming so soon after the failed February 3, 2006, mediation, the Court

has no evidence to contradict Defendants' claims, bolstered by statements of

counsel, all made under oath, that the information posted on the "Wake Up

WEVA!" website was in circulation prior to the mediations.  Accordingly, Plaintiff

has not made a sufficient showing that sanctions are warranted, and its Motion

for Sanctions (Dkt. 84) is **DENIED**.

      **DONE and ORDERED** in Tampa, Florida on this 8th day of June 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record
Judge Steven D. Merryday